JOHN ALLCOCK (Bar No. 098895)
john.allcock@dlapiper.com
RICK MULLOY (Bar No. 199278)
richard.mulloy@dlapiper.com
ED SIKORSKI (Bar No. 208576)
ed.sikorski@dlapiper.com
JESSE HINDMAN (Bar No. 222935)
jesse.hindman@dlapiper.com
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, CA  92101-4297
Tel:  619.699.2700
Fax:  619.699.2701

Attorneys for Plaintiff
ProtectConnect, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROTECTCONNECT, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>LEVITON MANUFACTURING CO., INC., EZE ROUGH SYSTEM, INC., COOPER WIRING DEVICES, INC., COOPER B-LINE, INC., HUBBELL, INC. (CONNECTICUT), HUBBELL, INC. (DELAWARE), PASS & SEYMOUR, INC., AND CABLOFIL, INC.,<br><br>  Defendants.<br><br>And Related Counterclaims | Case No.  3:10 CV 0758 MMA (BGS)<br><br>**PLAINTIFF PROTECTCONNECT, INC.'S *EX PARTE* APPLICATION FOR MODIFICATION OF CASE SCHEDULE**<br><br>Judge:     Hon. Michael M. Anello<br>Courtroom: 5 |

## I. INTRODUCTION.

Plaintiff and Counterdefendant ProtectConnect, Inc. ("ProtectConnect") submits this *ex parte* application requesting that the Court continue the Patent Local Rule claim construction dates set forth in the Court's Case Management Conference Order (Dkt. No. 79, "CMC Order"). ProtectConnect was recently informed that U.S. Patent No. 7,762,838 ("the '838 patent), the patent at issue in ProtectConnect's pending Motion For Leave To File Its First Amended Complaint (Dkt. No. 93 ("Motion to Amend")), will require a certificate of correction to address a clerical error that appears on the patent. The United States Patent and Trademark Office ("USPTO") has already indicated it will issue the requested certificate, which ProtectConnect understands will happen in advance of the continued hearing date on ProtectConnect's Motion to Amend. That hearing was continued to February 7, 2011 pursuant to joint motion by the parties and Court Order thereon specifically to allow time for the USPTO to issue the certificate of correction. (*See* Dkt. Nos. 102, 103.) ProtectConnect requests that the Court likewise continue the claim construction deadlines in the Court's CMC Order until after the hearing on ProtectConnect's Motion to Amend so that Court can address whether the '838 patent will be included in this lawsuit prior to claim construction in this case. ProtectConnect submits this motion on an *ex parte* basis because of the close proximity of those upcoming claim construction deadlines, which begin November 9, 2010. ProtectConnect proposes the following modified schedule:

| Event | Current Date | Proposed Date |
| --- | --- | --- |
| Preliminary Invalidity Contentions | October 26, 2010 | **February 18, 2011**[1] |
| Exchange of Proposed Claim Constructions and Extrinsic Evidence | November 9, 2010 | **March 4, 2011** |

---

[1] Pursuant to the existing CMC Order, the parties served their Preliminary Invalidity Contentions on October 26, 2010. Notably, Defendants Pass & Seymour, Inc. and Cablofil, Inc. (the "P&S Defendants") included the '838 patent in their contentions. The proposed February 18 date would be for Defendants Leviton Manufacturing Co., Inc. and EZE Rough System, Inc. ("the Leviton Defendants") to serve their contentions regarding the '838 patent following the hearing on ProtectConnect's Motion to Amend.

| Event | Current Date | Proposed Date |
|---|---|---|
| Exchange of Responsive Claim Constructions and Extrinsic Evidence | November 23, 2010 | **March 18, 2011** |
| Joint Claim Construction Chart, Worksheet and Hearing Statement | December 7, 2010 | **April 1, 2011** |
| Completion of Claim Construction Discovery | January 4, 2011 | **April 29, 2010** |
| Opening Claim Construction Briefs | January 18, 2011 | **May 13, 2010** |
| Responsive Claim Construction Briefs | February 1, 2011 | **May 27, 2010** |
| Claim Construction Hearing | February 28, 2010 | **To be determined based on the Court's calendar** |

## II.   GOOD CAUSE EXISTS FOR THE REQUESTED SCHEDULE MODIFICATION.

The court may modify a scheduling order upon a showing of "good cause."  Fed. R. Civ. P 16(b); *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608 (9th Cir. 1992).  In considering a party's motion to modify the scheduling order, the court should consider the diligence of the moving party and focus upon the party's motive and reasons for seeking the modification.  *Mytee Prods., Inc. v. H.D. Prods., Inc.,* No. 05-cv-2286 W(CAB), 2007 WL 4105713, at *2 (S.D. Cal. Nov. 16, 2007); *Johnson,* 975 F.2d at 609.

### A.   ProtectConnect Has Acted Diligently.

Good cause exists to modify the case schedule because ProtectConnect has acted diligently in its efforts at obtaining a certificate of correction from the USPTO and in bringing the instant *ex parte* application.  The aforementioned clerical error requiring a certificate of correction involves the inadvertent omission of a grandparent application from the patent's chain of priority listed on the front page and data sheet of the issued '838 patent.  This clerical error has no impact on the scope or substance of the '838 patent or its claims.  Until very recently, ProtectConnect believed that this clerical error would be corrected pursuant to a petition

1  ProtectConnect had filed May 14, 2010—during prosecution and over two months before the
2  patent issued.  However, ProtectConnect's patent counsel was informed on October 5, 2010 that
3  its petition had in fact been denied and that a post-issuance certificate of correction would be
4  required to fix the clerical error.  (*See* Declaration of Jesse Hindman ("Hindman Decl."), ¶ 3, Ex.
5  A.)
6  After receiving the USPTO's decision on October 5, ProtectConnect promptly prepared a
7  petition for a certificate of correction which it filed with the USPTO on Monday, October 11,
8  2010.  (*See* Hindman Decl., ¶ 4, Ex. B.)  ProtectConnect also filed a formal request (and paid an
9  additional fee) that the USPTO expedite consideration of the petition.  (*See* Hindman Decl., ¶ 5,
10  Ex. C.)  Over the next week, ProtectConnect's counsel communicated numerous times with
11  USPTO representatives regarding the status of the petition and the timeframe in which
12  ProtectConnect should expect the petition to be addressed.  (*See* Hindman Decl., ¶ 6.)  Once it
13  became clear that a certificate would likely not issue until after the November 8, 2010 hearing
14  date on ProtectConnect's Motion to Amend, ProtectConnect's counsel sent a letter to Defendants'
15  counsel requesting that Defendants agree to a 90 day continuance of that hearing and the Court's
16  CMC Order claim construction deadlines.  (*See* Hindman Decl., ¶ 7, Ex. D.)  On October 25,
17  2010, counsel for Defendants informed ProtectConnect's counsel that Defendants would agree to
18  continue the Motion to Amend hearing but not the other case deadlines.  (*See* Hindman Decl., ¶ 8,
19  Ex. E.)
20  On October 28, 2010 ProtectConnect's patent counsel received the USPTO decision
21  granting the petition requesting the certificate of correction.  (*See* Hindman Decl., ¶ 9, Ex. F.)
22  However, despite the petition itself being granted, ProtectConnect understands that it will take a
23  number of additional weeks before the certificate of correction is published and becomes an
24  official part of the '838 patent.  Also on October 28, counsel for ProtectConnect again contacted
25  Defendants' counsel  requesting to continue the claim construction related dates.  (*See* Hindman
26  Decl., ¶ 10.)  Defendants' counsel indicated that their respective clients would not consent to the
27  proposed continuance and would oppose the instant motion.  (*See* Hindman Decl., ¶ 10.)
28  /////

ProtectConnect now brings this *ex parte* application to continue the Patent Local Rule deadlines relating to claim construction contained in the Court's CMC Order.

### B. Orderly Administration Of This Case Warrants The Requested Continuance.

The orderly and logical administration of this lawsuit supports ProtectConnect's requested schedule modification. The decision of whether the '838 patent will be in this lawsuit should be made prior to the Patent Local Rule claim construction proceedings which are currently scheduled to begin November 9, 2010 when the parties are required to exchange preliminary claim constructions and extrinsic evidence under the Court's CMC Order. (*See* Dkt. 79, p. 4.) Under the existing schedule, claim construction briefing would conclude on February 1, 2011— one week before the continued hearing on ProtectConnect's Motion to Amend. ProtectConnect's proposed modification would allow the Court to first determine which patents are to be included in this case—and accordingly should be construed by the Court—before claim construction briefing and the *Markman* hearing. In these circumstances, there is good cause to continue the Patent Local Rule claim construction deadlines.

### C. Judicial Economy Warrants the Requested Continuance.

The requested continuance would also result in significant time and cost savings to the Court and the parties. The '838 patent shares the same inventor, involves the same general technology and covers the same accused Defendants' products as U.S. Patent Nos. 6,341,981 and 7,052,313 (collectively the "patents-in-suit")—the two ProtectConnect patents currently at issue in this case. (*See* Dkt. No. 93, Mulloy Decl., Ex. 1, pp. 18, 80, 189 and Ex. 2, pp. 294-303.) Accordingly, there is substantial overlap with respect to the legal and factual issues, including claim construction issues, that relate to the patents-in-suit and the '838 patent. It would be a more efficient use of the Court's and the parties' resources to address these issues in a single proceeding. And as set forth more fully in ProtectConnect' Motion to Amend, if ProtectConnect is required to file a separate action to enforce the '838 patent, that separate action would involve the same parties, the same witnesses, the same accused products, and the same factual and legal issues. For example, in their recently served invalidity contentions regarding the '838 patent, the P&S Defendants identified much of the same prior art for that patent as it did for the other two

1  patents-in-suit.  A second lawsuit would require not only separate claim construction proceedings,
2  but also separate trials and separate case management schedules in addition to duplicative
3  discovery (such as depositions) that would be much more efficiently handled in a single lawsuit.
4  Multiple litigations involving related patents would unnecessarily burden the Court, the parties
5  and witnesses.

### D. Defendants Will Suffer No Prejudice Under The Proposed Schedule.

Defendants will suffer no prejudice under ProtectConnect's proposed modified schedule. The initial Complaint was filed on April 12, 2010 and the case remains at a relatively early stage. No trial date has been set and the requested continuance should not affect the parties' ability to have this case ready for trial in a timely manner.  In sum, no prejudice will result from the proposed extension.

## III. CONCLUSION

For the foregoing reasons, ProtectConnect respectfully requests that the Court continue the deadlines in the Court's CMC Order until after the hearing on ProtectConnect's Motion to Amend, as set forth in the above proposed schedule.

Dated:  October 28, 2010

DLA PIPER LLP (US)


By:  /s/ *Jesse Hindman*
    John Allcock (Bar No. 098895)
    Rick Mulloy (Bar No. 199278)
    Ed Sikorski (Bar No. 208576)
    Jesse Hindman (Bar No. 222935)
    DLA Piper LLP (US)
    401 B Street, Suite 1700
    San Diego, CA  92101-4297
    Tel:  619.699.2700
    Fax:  619.699.2701

    Attorneys for Plaintiff
    ProtectConnect, Inc.