| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROTECTCONNECT, INC., | CASE NO. 10 CV 0758 MMA (BGS) |
| Plaintiff and Counterdefendant, vs. | **ORDER RE: PLAINTIFF'S EX PARTE APPLICATION TO MODIFY SCHEDULING ORDER** |
| LEVITON MANUFACTURING CO., INC., et al., | [Doc. No. 104] |
| Defendants and Counterclaimants. | |

On October 28, 2010, Plaintiff and Counterdefendant ProtectConnect, Inc. submitted an *ex parte* application to modify the Scheduling Order that issued on August 18, 2010. [*See* Doc. Nos. 79, 104.] Defendant and Counterclaimant Leviton Manufacturing Co., Inc. and its subsidiary EZE Rough System, Inc. (collectively "Leviton") filed an opposition to ProtectConnect's *ex parte* request on October 29, 2010. [Doc. No. 105.] Defendants and Counterclaimants Pass & Seymour, Inc. and Cablofil, Inc. also filed an opposition to ProtectConnect's application on October 29. [Doc. No. 106.] For the reasons set forth below, the Court **GRANTS** ProtectConnect's *ex parte* application.

## BACKGROUND

On April 12, 2010, ProtectConnect initiated this action against Leviton, Pass & Seymour, Cablofil (collectively, "Defendants") and others, alleging infringement of various patents. [Doc. No. 1.] Defendants answered the complaint on June 7, 2010, asserting several counterclaims

1  against ProtectConnect. [Doc. Nos. 37, 39.] ProtectConnect answered the counterclaims on
2  August 2, 2010. [Doc. Nos. 63, 64.] On August 13, 2010, the parties participated in a case
3  management conference. [Doc. No. 79.] Thereafter, Magistrate Judge Skomal issued a
4  Scheduling Order, which in relevant part, sets forth the following deadlines:

| Event | Deadline |
|---|---|
| Preliminary Invalidity Contentions | October 26, 2010 |
| Exchange of Proposed Claim Constructions and Evidence | November 9, 2010 |
| Exchange of Responsive Claim Constructions and Extrinsic Evidence | November 23, 2010 |
| Joint Claim Construction Chart, Worksheet and Hearing Statement | December 7, 2010 |
| Completion of Claim Construction Discovery | January 4, 2011 |
| Opening Claim Construction Briefs | January 18, 2011 |
| Responsive Claim Construction Briefs | February 1, 2011 |
| Claim Construction Hearing | February 28, 2011 |

15  On September 13, 2010, ProtectConnect submitted a motion for leave to file a First
16  Amended Complaint ("FAC") to add Patent No. 7,762,838 ("'838 Patent"), issued on July 27,
17  2010. [Doc. No. 93.] ProtectConnect's motion was set for hearing on November 8, 2010. [*Id.*]
18  However, on October 25, 2010, the parties submitted a Joint Motion requesting the Court to
19  continue the hearing for 90 days until February 7, 2011. [Doc. No. 102.] The same day, the Court
20  granted the parties' Joint Motion. [Doc. No. 103.] At the time the Court granted the parties' Joint
21  Motion, it was unaware that ProtectConnect had also asked Defendants to stipulate to postponing
22  the above deadlines and Defendants declined.

23  On October 28, ProtectConnect filed the pending *ex parte* application to modify the above-
24  listed dates in the Scheduling Order. [Doc. No. 104.] Defendants timely opposed
25  ProtectConnect's request. [Doc. Nos. 105, 106.] ProtectConnect argues the above dates should be
26  modified because it has filed a petition with the United States Patent and Trademark Office
27  ("USPTO") requesting a certificate of correction for the '838 Patent, which has been granted, but
28  ProtectConnect expects "it will take a number of additional weeks before the certificate of

1  correction is published and becomes an official part of the '838 Patent." [Doc. No. 104, p.3.]
2  Through the certificate of correction, ProtectConnect seeks to add a "grandparent application" that
3  was inadvertently omitted from the "patent's chain of priority." [*Id*. at p.2.] Defendants assert
4  ProtectConnect's failure to include that priority claim is fatal to the validity of the '838 Patent.
5  [Doc. No. 105, p.4.] Thus, Defendants contend ProtectConnect's motion for leave to file a FAC
6  which adds the '838 Patent is without merit, and "it is a waste of resources to delay the present
7  case on the mere chance that the '838 patent may be added." [*Id*. at p.1; *see also* Doc. No. 106,
8  p.2.]

9        Defendants have also filed a request for reexamination of the '838 Patent "detailing the
10 reasons why the claims of the '838 patent that ProtectConnect intends to assert are invalid over
11 certain prior art references." [Doc. No. 105, p.1; *see also* Doc. No. 106, p.2-3.] Defendants
12 further assert ProtectConnect's request to modify the Scheduling Order should be denied because
13 it was not diligent in seeking the certificate of correction nor submitting its motion for leave to file
14 a FAC. [Doc. Nos. 105.] Moreover, the parties have already exchanged their infringement and
15 invalidity contentions in accordance with the Patent Local Rules. [*Id*. at p.5.] According to
16 Defendants, the desired continuance is unwarranted and considerations of judicial economy weigh
17 in favor of allowing the case to proceed to claim construction as originally scheduled.

18 **LEGAL STANDARD**

19       Under Rule 16(b)(4), a scheduling order "may be modified only for good cause with the
20 judge's consent." To establish good cause, the moving party must demonstrate it acted diligently
21 in managing the case and seeking the desired amendment. *Masterpiece Leaded Windows Corp. v.*
22 *Joslin*, 2009 U.S. Dist. LEXIS 43586 *6-7 (S.D. Cal.) (citing *Johnson v. Mammoth Recreations*,
23 975 F.2d 604 (9th Cir. 1992)). "Although the existence or degree of prejudice to the party
24 opposing the modification might supply additional reasons to deny a motion, the focus of the
25 inquiry is upon the moving party's reasons for seeking modification." *Id*. at *6.

26 **DISCUSSION**

27       Here, ProtectConnect preemptively seeks to extend certain claim construction deadlines by
28 approximately 90 days. All parties have an interest in the efficient and timely resolution of the

1 pending action. However, the parties and the Court alike also have an interest in avoiding
2 duplicative motion practice and claim construction proceedings.

3      ProtectConnect diligently submitted its motion for leave to file a FAC on September 13,
4 2010 as permitted by the Scheduling Order. The parties agree the proposed FAC attempts to add a
5 new patent—the '838 Patent—to this action. The '838 Patent currently is under review by the
6 USPTO not only to determine whether a certificate of correction should issue to allow
7 ProtectConnect to add an inadvertently omitted grandparent application from the patent's chain of
8 priority, but also for reexamination initiated by Defendants. On October 25, 2010, the parties
9 agreed to postpone the hearing on ProtectConnect's motion for leave to amend for approximately
10 90 days, until February 7, 2011, by which time the USPTO is expected to complete its review.[1]
11 Defendants, however, declined ProtectConnect's request to also continue the related claim
12 construction dates in the Scheduling Order, as they are understandably "eager to reach the merits
13 of this case." [Doc. No. 105, p.5; *see also* Doc. No. 106, p.3-4.]

14      Defendants urge the Court to deny ProtectConnect's *ex parte* application because
15 ProtectConnect was not diligent in seeking the certificate of correction from the USPTO, and the
16 '838 Patent is unlikely to become a part of this action. However, whether ProtectConnect will
17 ultimately be allowed to amend its complaint to add the '838 Patent is not currently before the
18 Court. By agreement, the parties agreed to postpone the Court's decision on this issue until early
19 February 2011. Nevertheless, given the possibility that a new patent, which is potentially similar
20 to the existing patents at issue, might be added to this action in February, the Court is hesitant to
21 proceed through the claim construction process until the scope of the action has been definitively
22 decided.

23      Postponement of the claim construction deadlines is further warranted in light of the fact
24 that Defendants filed a request for reexamination of the '838 Patent. If the USPTO invalidates the
25 '838 Patent, ProtectConnect's motion for leave to filed a FAC will likely be moot. Conversely, if

---

27     [1] In the parties' Joint Motion, ProtectConnect represented that it expected the USPTO to issue
28 the requested certificate of correction within the 90-day continuance. [Doc. No. 102, p.2.] Defendants indicate they expect the USPTO to "take substantive action" on their request for reexamination by December 28, 2010. [Doc. No. 105, p.1.]

the USPTO affirms its issuance of the '838 Patent, and/or issues ProtectConnect its requested certificate of correction, this additional patent could potentially be included in the instant action. Regardless of the outcome, however, the USPTO is poised to take action that has the potential to affect the scope of this action. The Court is therefore disinclined to begin the time-intensive claim construction process until it issues an order on ProtectConnect's motion for leave to amend, and the fate of the '838 Patent is decided. The Court recognizes the case may be delayed "for naught" if the '838 Patent is ultimately excluded from this action. However, given the relative brevity of the requested continuance, ProtectConnect's compliance with the existing Scheduling Order, and the judicial resources that risk being wasted through duplicative claim construction proceedings, the Court finds good cause exists to amend the Scheduling Order deadlines as follows:

| Event | Existing Deadline | New Deadline |
|---|---|---|
| Preliminary Invalidity Contentions | October 26, 2010 | February 18, 2011[2] |
| Exchange of Proposed Claim Constructions and Evidence | November 9, 2010 | March 4, 2011 |
| Exchange of Responsive Claim Constructions and Extrinsic Evidence | November 23, 2010 | March 18, 2011 |
| Joint Claim Construction Chart, Worksheet and Hearing Statement | December 7, 2010 | April 1, 2011 |
| Completion of Claim Construction Discovery | January 4, 2011 | April 29, 2011 |
| Opening Claim Construction Briefs | January 18, 2011 | May 13, 2011 |
| Responsive Claim Construction Briefs | February 1, 2011 | May 27, 2011 |
| Claim Construction Hearing | February 28, 2011 | July 11, 2011 |

---

[2] To the extent the Court's order on ProtectConnect's motion for leave to file a FAC, or the USPTO's actions regarding the request for reexamination and request for a certificate of correction, affect the preliminary invalidity contentions already submitted, the parties may submit amended invalidity contentions by February 18, 2011. *See* Pat. L.R. 3.7.

## **CONCLUSION**

For the reasons set forth above, the Court **GRANTS** ProtectConnect's *ex parte* application to amend the above deadlines in the Court's Scheduling Order issued August 18, 2010. All terms, conditions and dates in the Scheduling Order not specifically modified above shall remain in full force and effect.

**IT IS SO ORDERED.**

DATED: November 2, 2010

*/s/ Michael M. Anello*
Hon. Michael M. Anello
United States District Judge