UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROTECTCONNECT, INC., | Case No.: 10cv758 AJB (BGS) |
| Plaintiff, | |
| v. | Order Granting Motion to Stay Case Pending Outcome of Reexamination Proceedings |
| LEVITON MANUFACTURING CO., INC. et al., | |
| Defendants. | [Doc. No. 121 and 130] |

The Defendants and Counterclaimants, Pass & Seymour, Inc. ("Pass & Seymour") and Cablofil, Inc. ("Cablofil") and Leviton Manufacturing Co. ("Leviton") have jointly moved to stay the instant litigation in its entirety pending the outcome of the Ex Parte Petitions for Reexamination currently pending before the United State Patent and Trademark Office ("USPTO"). The Plaintiff filed an opposition and the Defendants filed a reply. Denfendants' Ex Parte Application to Seal Documents Related to the Reply, [Doc. No. 130], is hereby GRANTED. The hearing date currently set for April 22, 2011 at 1:30 p.m. before Judge Battaglia in Courtroom 12 is hereby vacated as this motion is appropriate for submission on the papers without oral argument pursuant to Local Rule 7.1(d)(1). For the reasons set forth below, Defendants' motion to stay, [Doc. No. 121], is hereby GRANTED.

///

///

///

### *Background*

ProtectConnect initiated this action on April 12, 2010 and filed a First Amended Complaint ("FAC")[1] on February 9, 2011, [Doc. No. 117], alleging the Defendants' infringe the following patents: U.S. Patent No. 6,341,981, U.S. Patent No. 7,052,313 and U.S. Patent No. 7,762,838 (collectively, the "patents in suit"). Defendants and Counterclaimants, Pass & Seymour, Inc. ("Pass & Seymour") and Cablofil, Inc. ("Cablofil"), have asserted counterclaims for Declaratory Judgment of Patent Invalidity and Non-Infringement of the '981, '313 and '838 patents. Defendants also assert claims of Infringement of U.S. Patent Nos. 5,594,398 and 5,510,760. Defendant and Counterclaimant, Leviton Manufacturing Co., has asserted counterclaims seeking Declarations of Invalidity and Non-Infringement of the '981, '313 and '838 patents and asserts claims of Infringement of United States Patent No. 6,309,248.

Leviton initiated the ex parte petitions for reexamination on September 28, 2010 for the '838 patent and October 8, 2010 for the '981 patent. Due to objections from the USPTO, Leviton submitted corrected ex parte petitions for reexamination for both on January 12, 2011.

### *Legal Standard*

A district court has the discretion to order a stay of proceedings pending the outcome of a reexamination of patents-in-suit by the USPTO as this is part of the Court's inherent power to manage its docket.[2] In determining whether to grant a stay pending reexamination, courts consider: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *See Telemac Corp. v. Teledigital, Inc.*, 450 F.Supp.2d 1107, 1110 (N.D.Cal.2006); *Fresenius Medical Care Holdings, Inc. v. Baxter Intern., Inc.*, 2007 WL 1655625 at *3 (N.D.Cal.2007). There is a "liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *ASCII Corp. v. STD Entm't*, 844 F.Supp. 1378, 1381 (N.D.Cal.1994).

///

---

[1] The FAC added U.S. Patent No. 7,762,838.

[2] *See Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed.Cir.1983); *Landis v. North American Co.*, 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153, (1936); *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed.Cir.1988); *accord Amado v. Microsoft Corp.*, 517 F.3d 1353, 1358 (Fed.Cir.2008).

### *1. Stage of the Litigation*

The early stage of a litigation weighs in favor of granting a stay pending reexamination. *See Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, 33 U.S.P.Q.2d 2022, 2023 (N.D.Cal.1995) (holding that the absence of "significant discovery" or "substantial expense and time ... invested" in the litigation weighed in favor of staying the litigation); *see also ASCII Corp.*, 844 F.Supp. at 1381 (granting stay where parties had undertaken little or no discovery and the case had not yet been set for trial). Here, Plaintiffs filed their FAC, [Doc. No. 117], on February 9, 2011. The parties have not exchanged expert reports, have conducted only one deposition, and have not filed any dispositive motions. While claim construction briefs have been filed, the claim construction hearing is set for July 11, 2011, and no trial date is currently set. In view of the circumstances of this case, the Court finds that the first factor militates in favor of a stay.

### *2. Simplification of the Issues and Trial*

The second factor examines whether a stay pending reexamination will simplify the issues and trial of the case. As explained by the Federal Circuit: "[o]ne purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)." *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed.Cir.1983).

In the instant case, the Court finds that a stay pending reexamination of these patents would simplify the issues and trial of this case. Here, Plaintiffs' claims are only for patent infringement, and Defendant's counterclaims consist of 1) requests for declaratory relief, asking the Court to declare that the patents-in-suit are invalid and not infringed by Defendant; and 2) infringement of their patents. There are no issues in the case unrelated to patent infringement for which the PTO's expertise resulting from the reexamination would not be helpful.

In response, Plaintiffs argue that a stay is inappropriate because the reexaminations are unlikely to cancel or modify all of the patent claims at issue. However, as Defendants point out, two of the three patents asserted by Plaintiff and 17 of the 18 claims asserted are impacted by these reexamination proceedings, and if the reexamination proceedings narrow any of the asserted claims of the

patents-in-suit, the scope of the litigation may be significantly simplified.[3] In sum, a stay pending final resolution of the reexamination proceedings would simplify the issues in question and trial, weighing in favor of a stay.

### *3. Prejudice and Tactical Concerns*

The third factor examines whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party. It should be noted that "delay inherent in the reexamination process does not constitute, by itself, undue prejudice."[4] Parties having protection under the patent statutory framework may not "complain of the rights afforded to others by that same statutory framework." *Pegasus Dev. Corp. v. Directv, Inc.*, 2003 WL 21105073 at *2 (D.Del.2003). Defendant here "is legally entitled to invoke the reexamination process," and the PTO has already taken up the reexaminations. *See id.* Because delay inherent in the reexamination process does not constitute undue prejudice, courts also consider evidence of dilatory motives or tactics, such as when a party unduly delays in seeking reexamination of a patent. *See KLA–Tencor Corp. v. Nanometrics, Inc.*, 2006 WL 708661 at *3 (N.D. Cal.2006).

Review of the record in this case does not evidence dilatory motives or tactics on behalf of Defendants. While this action was originally filed on April 12, 2010, the Plaintiff only filed the FAC asserting the '838 patent on February 9, 2011 and the corrected ex parte petitions for reexamination for both the '838 and '981 patents were filed on January 12, 2011.

The Plaintiff also argue that when an accused infringer that is a direct competitor of the Plaintiff patent holder, seeks a stay of proceedings, courts often find the patent holder will be prejudiced by the stay. The Plaintiff also contends that their sales have dramatically decreased as a result of the Defendants' alleged infringement. The Court is not persuaded by these arguments or the non-binding

---

[3] *See also In re Cygnus Telecommunications Technology, LLC Patent Litigation*, 385 F.Supp.2d 1022, 1024 (N.D.Cal.2005) ("If the USPTO cancels any of the 21 claims asserted in the two patents, infringement and validity issues that could potentially be raised ... would be resolved. For those claims that survive the reexamination, this court may have a richer prosecution history upon which to base necessary claim construction determinations or reconsideration.")

[4] *Esco Corp. v. Berkeley Forge & Tool, Inc.*, 2009 WL 3078463 at *3 (N.D.Cal.2009) (Armstrong, J.) (citing *SKF Condition Monitoring, Inc. v. SAT Corp.*, 2008 WL 706851 at *6 (S.D. Cal.2008)).

1  authority cited by Plaintiff as it does not appear that the parties are direct competitors.[5] The Plaintiff has
2  failed to show, beyond the delay implicit in the reexamination process, how they would be unduly
3  prejudiced or tactically disadvantaged if this Court were to grant a stay. Therefore, this factor weighs in
4  favor of granting a stay.

### *Conclusion*

For the reasons set forth above,

IT IS HEREBY ORDERED THAT:

1. Denfendants' Ex Parte Application to Seal Documents Related to the Reply to Protectconnect's Opposition to Defendants' Motion to Stay the Case and Supporting Documents, [Doc. No. 130], is hereby GRANTED.

2. Defendant's Motion to Stay, [Doc. No. 121], is GRANTED. This action is STAYED pending final exhaustion of the two pending reexamination proceedings, including any appeals. While the Court orders this action stayed pending final exhaustion of the two pending reexamination proceedings, this Order does not foreclose any party from moving to reopen this action prior to completion of all of the reexamination proceedings upon a showing of compelling circumstances.

3. The claim construction hearing set for July 11, 2011 is hereby VACATED and the Clerk shall ADMINISTRATIVELY CLOSE this matter.

4. The parties are instructed to submit status reports to the Court every six months, apprising the Court of the status of the pending reexamination proceedings. The parties are advised that the failure to submit such status reports could result in dismissal of this matter.

///
///
///
///

---

[5] Plaintiff has reported to shareholders that it has reduced overhead and production, is pursuing sales of existing inventory only and its exit strategy of one of intellectual property enforcement. Clearly, this provides an alternative and plausible explanation for the decreased sales.

1      5. Upon final exhaustion of the two pending reexamination proceedings, including any
2  appeals, the parties shall jointly submit to the Court, within one week, a letter indicating
3  that all appeals have been exhausted, and requesting that this matter be reopened and a
4  case management conference be scheduled.
5      IT IS SO ORDERED.

7  DATED: April 22, 2011

                                          Hon. Anthony J. Battaglia
                                          U.S. District Judge